## LeGore v. LeGore

*S. M. Raffensperger*, for plaintiff.

SHEELY, P. J., July 13, 1963.—We agree with the learned master in this case that the testimony of the minister called as a witness by plaintiff should not have been received. The master accepted the testimony under the provisions of Rule 131 as though it had been objected to and then ruled that it was not admissible. However, we also agree that the testimony of plaintiff, standing alone, was sufficient to establish her case.

Plaintiff called as a witness a minister of the gospel, who testified that the defendant, who was not previously known to him, came to his home and told of his marital problems. The purpose of the visit was to enlist the minister's help to seeking a reconciliation with his wife. In the course of the conversation, defendant admitted that the difficulties were his fault and that he

had been unfaithful to his wife. Just how plaintiff learned of this conversation does not appear, and is not important.

Prior to 1959, there was neither a common law nor a statutory privilege between clergyman and penitent: Brown, Penna. Evidence, page 271; 58 Am. Jur. Witnesses, §531. By the Act of October 14, 1959, P. L. 1317 (28 PS §331), the legislature provided that "No clergyman, priest, rabbi or minister of the gospel . . ., who while in the course of his duties has acquired information from any person secretly and in confidence shall be compelled, or allowed without consent of such person, to disclose that information in any legal proceeding . . ."

Statutes establishing privilege from testifying are to be construed strictly, but we have no hesitancy in holding that where a husband seeks the aid of a minister in trying to affect a reconciliation with his wife, his communications are made secretly and in confidence, and the information is received in the course of the minister's duties. Any intermediary in a marital dispute must have the confidence of both parties and must know the true facts if he is to give effective guidance and counselling. Nothing could be more destructive of the trust and confidence that the parties would place in him, than the apprehension that he might later divulge what was told to him in confidence. Marriage counselling seeking to preserve the sanctity of marriage is most important and is definitely within the functions and duties of a minister. It is to be encouraged rather than discouraged.

As we have indicated, the testimony of plaintiff standing alone, is sufficient to establish grounds for divorce in this case and decree will be granted on that testimony.